AF Approval _TLK for SCN_            Chief Approval _DMB_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                               CASE NO. 8:23-cr-342-JSM-SPF

RAUL LEONARDO BAYONA RINCON

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and the defendant, Raul Leonardo Bayona Rincon, and the attorney for the defendant, Jason M. Reid, mutually agree as follows:

**A.    Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Superseding Indictment. Count One charges the defendant with conspiracy to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing, intending, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii).

Defendant's Initials _RBC_

2. <u>Minimum and Maximum Penalties</u>

Count One is punishable by a mandatory minimum term of imprisonment of ten (10) years up to life, a fine of up to $10,000,000, a term of supervised release of at least five (5) years up to life, and a special assessment of $100.

3. <u>*Alleyne v. United States* and *Apprendi v. New Jersey*</u>

Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a minimum sentence of ten (10) years of imprisonment up to life may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty:

The weight of the substance that the defendant conspired to distribute was five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine.

4. <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

> First: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a shared and unlawful plan, as charged in the Superseding Indictment;

Defendant's Initials RLBR.    2

Second:     That the defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

Third:      That the object of the plan was to distribute 5 kilograms or more of a mixture or substance containing cocaine, intending, knowing, or having reasonable cause to believe that the substance will be unlawfully imported into the United States.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials RLBR.               3

7. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution

Defendant's Initials RLBR.        4

for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials RLBR.                              5

9. Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

10. Cooperation - Responsibilities of Parties

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

Defendant's Initials _RL BR_    6

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3) The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this

Defendant's Initials R̲L̲B̲R̲·           7

agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4) The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

11. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. §§ 853 and 881, 46 U.S.C § 70507 and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried

Defendant's Initials RLBR    8

out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will

Defendant's Initials RLBR.           9

not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be

Defendant's Initials RLBR.                    10

binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture, is collected in full.

**B.   Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials RLBR          11

2. Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office

Defendant's Initials RLBC

12

within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.  Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a

Defendant's Initials RLBR.                13

decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the

Defendant's Initials RLBR.     14

statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion

Defendant's Initials RLBR.    15

of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit and stipulate that the facts set

Defendant's Initials RLBR.         16

forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

The defendant, Raul Leonardo Bayona Rincon, is a Colombian national who was a Suboficial Segundo in the Armada Nacional de la República de Colombia ("Colombian Navy"). The defendant and his co-defendants, who at times material to the charged conspiracy were current and former members of the Colombian Navy, assisted drug trafficking organizations ("DTOs") based in Colombia by surreptitiously placing global positioning system ("GPS") devices aboard Colombian Navy ships. The DTOs used the GPS data to direct maritime drug smuggling vessels leaving from Colombia destined for the United States, Mexico, and Central America around law enforcement patrols. The investigation resulted in the discovery of GPS tracking devices aboard at least four Colombian Navy ships.

As part of the scheme, the defendant placed a GPS device on the Colombian Navy vessel to which he was assigned, the ARC 11 de Noviembre, in 2023. The defendant communicated with co-conspirators about the plan via encrypted applications. He participated in the conspiracy for money.

The conspiracy members, including the defendant, knew the GPS data was used by DTOs, which smuggle more than 1,000 metric tons of cocaine each year from Colombia through the Eastern Pacific Ocean and the Caribbean Sea. Many of the maritime vessels used to transport this cocaine travel north to various transshipment points in Mexico, Central America, and the islands of the Caribbean

Defendant's Initials RLBR.          17

for ultimate importation into the United States, which is a fact of general knowledge to the law enforcement entities that patrol the waters of the Eastern Pacific Ocean and the Caribbean Sea. Every year, the United States Coast Guard ("USCG") and the Colombian Navy seize thousands of kilograms of cocaine from maritime vessels interdicted in the Eastern Pacific Ocean and the Caribbean Sea dispatched for this criminal purpose. The defendant and Zamir Muñoz Barrios, Hector Junior Nunez Ramos, and Erick De Jesus Restrepo Sanchez told DEA agents that during their Colombian Navy careers, they interdicted maritime vessels loaded with tons of cocaine. Nuñez Ramos and the defendant worked with the USCG and American aircrafts during counter-drug missions and Zamir Muñoz Barrios told agents "everyone" knew the final destination for cocaine was typically the United States.

The defendant willingly agreed to affix GPS trackers on Colombian Navy ships. The defendant knew the purpose of this agreement was to facilitate the smuggling of more than five (5) kilograms of cocaine through international waters and had reasonable cause to believe it would be unlawfully imported into the United States.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials RLBR.        18

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 12TH day of December, 2025.

_____  
Raul Leonardo Bayona Rincon  
Defendant

_____  
Jason M. Reid, Esq.  
Attorney for Defendant

GREGORY W. KEHOE  
United States Attorney

_____  
Lauren Stoia  
Assistant United States Attorney

_____  
for Daniel Baeza  
Assistant United States Attorney  
Chief, Transnational Organized Crime